Craig J. Mariam (SBN 225280)
cmariam@grsm.com
John P. Cogger (SBN 172808)
jcogger@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West. 5th Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (877) 306-0043

Attorneys for Defendant
R. JOHN TAYLOR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEMCAP LENDING I, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> R. JOHN TAYLOR., <br><br> Defendant. | Case No.: 2:19-cv-08008-SVW-JC <br><br> Judge: Honorable Stephen V. Wilson <br> Magistrate: Honorable Jacqueline Chooljian <br><br> **DEFENDANT R. JOHN TAYLOR'S EX PARTE APPLICATION AND MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT AND SUPPORTING DECLARATIONS** |

TO THIS HONORABLE COURT AND ALL PARTIES:

Pursuant to Federal Rule of Civil Procedure 6(b), Local Rule 6-1, Local Rule 17-9, and Paragraph 5 of the Honorable Stephen V. Wilson's Requirements, Defendant R. JOHN TAYLOR respectfully moves for a twenty-eight (28) day extension of time, to and including November 7, 2019, in which to file his responsive pleading.

This Application is necessitated by, and based upon, the fact that Defendant R. John Taylor has just become aware of the contention that he was served with the summons and complaint in this matter, and contests that he was actually served.

1  Defendant has not been served with the summons and complaint in this matter, and
2  intends to file a motion to dismiss pursuant to FRCP 12(b)(4) or 12(b)(5).

3      Further, Defendant requires additional time to investigate the facts giving
4  rise to the claims at issue and to prepare an appropriate responsive pleading.
5  Counsel for Mr. Taylor attempted to obtain consent from Plaintiff's counsel to the
6  requested extension which, if provided, would have obviated the need to obtain
7  approval from this Court pursuant to Local Rule 8-3. However, Plaintiff did not
8  agree. As a result, this Application is necessary.

9      There have been no prior extensions granted to Mr. Taylor, and no prior
10 requests for an extension of time requested by or on behalf of Mr. Taylor.

11     As set forth in the attached Declaration of John P. Cogger, Mr. Cogger sent
12 an email to Plaintiff's counsel, at the email address listed for him on the
13 Complaint, to advise him of the substance of this *ex parte* Application. Counsel
14 for GemCap has indicated that GemCap will not agree to an extension of time to
15 respond to the complaint, thus this application is necessary.

16     This Application will be and hereby is based on this *Ex Parte* Application
17 and Application, the attached Memorandum of Points and Authorities, the attached
18 Declarations of John P. Cogger and R. John Taylor, the Proposed Order submitted
19 concurrently herewith, the pleadings, papers and records on file with the Court in
20 this action, and upon such further oral and documentary evidence and argument as
21 may be presented prior to or at any hearing on the Application.

22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

1  The name, address, e-mail address of counsel for Plaintiff, as set forth in the
2  records on file in this Action, is:
3      David C. Lee
4      NOSSAMAN LLP
5      50 California Street, 34th Floor
6      San Francisco, CA 94111
7      E-Mail: dlee@nossaman.com

                                        Respectfully submitted,

Dated: October 15, 2019         GORDON REES SCULLY MANSUKHANI, LLP

                                        By: */s/ John P. Cogger*
                                        Craig J. Mariam
                                        John P. Cogger
                                        Attorneys for Defendant
                                        R. JOHN TAYLOR

*Left margin:* **Gordon & Rees LLP**
**633 West Fifth Street, 52ⁿᵈ Floor**
**Los Angeles, CA 90071**

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION

## I. INTRODUCTION AND SUMMARY OF REQUESTED RELIEF

This Application, and the relief requested, is simple. Defendant R. John Taylor seeks an Order extending and fixing the time, to and including November 7, 2019, for Mr. Taylor to answer, plead or otherwise respond to the Complaint filed in this action by Plaintiff GemCap Lending I, LLP (hereinafter, "GemCap").

## II. STATEMENT OF PERTINENT FACTS

According to Docket #14 in this matter, Plaintiff GemCap Lending I, LLP (hereinafter, "GemCap") filed a document indicating that service of the Summons and Complaint had been made upon Defendant R. John Taylor on September 19, 2019. (Declaration of John P. Cogger ¶ 2.) This document was filed on September 30, 2019. (Declaration of John P. Cogger ¶ 2.)

The Proof of Service indicates that Defendant R. John Taylor was personally served with the necessary pleadings on September 19, 2019, at 5:53PM, at 360 Osprey Drive, Lewiston, Idaho 83501. (Declaration of John P. Cogger ¶ 2.)

Defendant R. John Taylor is not familiar with that address, and was not personally served with any materials regarding this lawsuit on September 19, 2019, or any other date. (Declaration of R. John Taylor ¶ 3.) Mr. Taylor is familiar with a property located at 570 Osprey Drive, which is located in *Lenore*, Idaho, not *Lewiston*, Idaho. (Declaration of R. John Taylor ¶ 3.) The two different cities are located over twenty-five miles from each other. (Declaration of R. John Taylor ¶ 3.)

The parties are also involved in multiple separate litigations other than this matter. On September 11, 2019, counsel for GemCap in Case Number 2:13-cv-05504-SJO-MAN notified the undersigned counsel of an intent to file the instant action against Mr. Taylor, and in which e-mail counsel requested confirmation whether the undersigned counsel was authorized to accept service of the complaint.

(Declaration of John P. Cogger ¶ 3.) The undersigned counsel has represented Mr. Taylor in Case Number 2:13-cv-05504-SJO-MAN via applicable insurance coverage. (Declaration of John P. Cogger ¶ 4.) The undersigned counsel sought authorization to accept service and/or represent Mr. Taylor in the instant matter, which is separate from Case Number 2:13-cv-05504-SJO-MAN. (Declaration of John P. Cogger ¶ 4.) The undersigned counsel advised GemCap's new counsel that it was still awaiting authorization to accept service on September 20, 2019. (Declaration of John P. Cogger ¶ 3.) GemCap's counsel responded on that same date that they will "await confirmation on service." (Declaration of John P. Cogger ¶ 3.)

On October 11, 2019, the undersigned counsel sought clarification whether GemCap contended that Mr. Taylor had been served. (Declaration of John P. Cogger ¶ 4.) On October 11, 2019, counsel for GemCap provided the undersigned counsel with a copy of Document #14. (Declaration of John P. Cogger ¶ 4.) On October 11, 2019, the undersigned counsel requested via email that GemCap stipulate to an extension of time for Mr. Taylor to respond to the complaint. (Declaration of John P. Cogger ¶ 4.) On October 11, 2019, counsel for GemCap responded that GemCap had instructed him to not agree to such an extension "given its interest in expediting the proceeding." (Declaration of John P. Cogger ¶ 4.)

As noted in the Court's docket for Document #14, it is understood that an answer for Mr. Taylor was due on or before October 10, 2019, if service was properly effected. Mr. Taylor denies that he was served as claimed by GemCap.

### III. GOOD CAUSE EXISTS FOR AN ORDER EXTENDING AND FIXING DEFENDANT'S TIME TO RESPOND TO THE COMPLAINT

Rule 6(b) (2) of the Federal Rules of Civil Procedure provides for enlargement of time "after the expiration of the specified period … where the

failure to act was the result of excusable neglect." The courts have held that the party moving for such relief has the burden of establishing that it has a meritorious defense to the action and that there was such reasonable explanation or excuse for the failure to act within the proscribed time as warrants the relief contemplated by the rule. (*Nelson v. Coleman Company*, 41 F.R.D. 7 (D.S.C.1966)).

"Rule 1 of the Federal Rules of Civil Procedure states that '[The rules] shall be construed to secure the just, speedy, and inexpensive determination of every action.' In accordance with that the mandate courts generally have given a liberal interpretation to Rule 6(b) in order to work substantial justice. This court believes that Rule 6(b) like Rule 60(b) must be liberally construed in order that litigants be given opportunity to be heard, and given their day in court so that justice may be served. This court has stated that only where a party evidenced a disregard for the judicial process, or hardship would result, would it refuse to vacate a default judgment. *Kinnear Corp. v. Crawford Door Sales Co.*, 49 F.R.D. 3 (D.S.C.1970). If the defendant has a meritorious defense a default judgment gives rise to a forfeiture. Forfeitures are not favored in the law and are often means of oppression and injustice. *Knickerbocker Life Ins. Co. v. Norton*, 96 U.S. 234, 24 L. Ed. 689 (1878)." (*Anderson v. Stanco Sports Library, Inc*. (D.S.C. 1971) 52 F.R.D. 108, 110.)

Here, Defendant was not served with the summons and complaint as identified in the Proof of Service, Document #14.  Mr. Taylor was not at the address indicated in the proof of service, as he is unaware of such a location.  He was not personally served with any summons or complaint.  In addition to any defenses to the factual allegations asserted in the complaint, insufficient service of process is a defense that can be asserted via FRCP Rule 12(5).  Mr. Taylor intends to challenge the service and contest the factual allegations in the complaint.

Good cause exists for the requested extension, as set forth in detail in the attached declarations. No delay of this matter will result from such an extension.

The sole result of the extension will be to allow Mr. Taylor to challenge the propriety of service and to defend the merits of the case.

## V. NOTICE OF THIS APPLICATION WAS PROVIDED

As set forth in the attached Declaration of John P. Cogger, on October 11, 2019, at approximately 1:56PM, the undersigned counsel notified counsel for GemCap that this office would be filing a motion to extend the time to respond to the complaint and that Mr. Taylor was contesting the service as alleged in the proof of service. (Declaration of John P. Cogger ¶ 8.) As of 9:00AM on October 15, 2019, the undersigned counsel had not received any response from Plaintiff's counsel. (Declaration of John P. Cogger ¶ 8.)

## V. CONCLUSION

Mr. Taylor respectfully requests that this Court grant a twenty-eight (28) day extension of time, to and including November 7, 2019, in which to file his responsive pleading.

Dated: October 15, 2019

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ John P. Cogger*
Craig J. Mariam
John P. Cogger
Attorneys for Defendant
R. JOHN TAYLOR